KUAAKA vs. AINIU, K., AND MANINI, W.

ON QUESTION RESERVED.

THE PLAINTIFF CLAIMED in his declaration a "life estate with right of present possession;" the evidence showed that the estate to which the plaintiff was entitled was during the joint lives of A. B. and C. D.;

HELD, that the declaration claiming a life estate, merely meant an estate for his own life, and a verdict for plaintiff could not be sustained on the evidence;

*Also*, that it was too late to amend the declaration in the Appellate Court.

*Non-suit* ordered.

Opinion of the Court by McCULLY, J.

Action of ejectment tried at the present term, with verdict for the plaintiff under instructions of the presiding Justice, with question reserved for this Court. The plaintiff's declara-

tion "claims a life estate with right of present possession,"
and he offers in evidence first a conveyance of these premises
from one Kahanu to Aseong and Manini his wife, made Sep-
tember, 1873; second, a conveyance from Aseong to the
plaintiff made April, 1879; third, a legal certificate of the
divorce granted Aseong from his wife Manini, obtained Janu-
ary, 1879, for the cause of her adultery.

And relies on Section 1331 of the Civil Code, "When a
divorce is decreed for the adultery or other offense amounting
thereto, of the wife, the husband shall hold her personal estate
forever, and he shall hold her real estate so long as they shall
live," etc.

The defendants' counsel moved for a non-suit on the grounds,
first, that there was no evidence to sustain the life estate al-
leged in the declaration; and second, that there is no evidence
that Aseong is still alive. The plaintiff's counsel contends
that the claim of a life estate is supported by proof of a life
estate in some one other than the plaintiff who claims it, to
wit, in Aseong, and that he having been shown to be living
in April, 1879, the date of his deed, he shall be presumed to
live till shown to be dead; that is, so presumed for a natural
life time. But we are of opinion that the declaration can
have but one meaning, and that when the plaintiff claims a
life estate simply, it is an estate for his own life. If it is an
estate for the life of his grantor it should be set forth, with a
further allegation that the life is still in existence. The ver-
dict therefore on this declaration is not good, for it is not true.
It gives an estate for the life of Kuaaka, whereas Kuaaka
holds, if at all, for the lives of Aseong and Manini.

The defendants' counsel now asks to amend the declaration,
but we think it is too late to amend in a matter of substance
in the Appellate Court.

Non-suit ordered.

J. M. Davidson for plaintiff.

E. Preston for defendant.

Honolulu, October 22, 1880.